IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2072-BO

| | | |
|---|---|---|
| GREGORY CHERRY, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RENOICE E. STANCIL, | ) | |
|     Respondent. | ) | |

Gregory Cherry ("petitioner"), a state prisoner, petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion for summary judgment (D.E. # 7). Petitioner timely responded, and the matter is ripe for determination. For the reasons set out below, the motion for summary judgment is granted.

## STATEMENT OF THE CASE

Petitioner is a prisoner of the State of North Carolina. On September 21, 2007, in the Superior Court of Pitt County, petitioner was convicted after trial by jury of assault with a deadly weapon with intent to kill inflicting serious injury (AWDWIKISI), discharging a firearm into a motor vehicle occupied and being operated, and possession of a firearm by a felon. He was sentenced to consecutive terms of 125-159, 95-123, and 19-23 months imprisonment. Petitioner was represented at trial by Mr. Michael Fox.

On December 16, 2008, the North Carolina Court of Appeals issued an unpublished opinion dismissing petitioner's appeal. Petitioner was represented on appeal by Mr. Benjamin Dowling-Sendor. Petitioner dated a pro se motion for appropriate relief (MAR) January 7, 2010, and filed it in the Superior Court of Pitt County on January 11, 2010. On February 1, 2010, the MAR was summarily denied. On March 5, 2010, petitioner filed a pro se certiorari petition in

the North Carolina Court of Appeals. On March 25, 2010, certiorari was denied. Petitioner dated his pro se federal habeas application form April 1, 2010, and filed it in this Court on April 26, 2010.

## ISSUES

Petitioner makes the following claims: (1) ineffective assistance of counsel in violation of the Sixth Amendment; (2) illegal sentence in violation of due process of the Fourteenth Amendment; and (3) trial error by sentencing him ex mero motu on the assault charge in violation of the Fifth and Fourteenth Amendments. (See Compl.)

## STATEMENT OF FACTS

The facts from petitioner's trial were found to be as follows in the North Carolina Court of Appeals' opinion:

> The State's evidence tended to show the following: In early 2007, Marquida Roberson ("Ms. Roberson") was dating and living with defendant. On 20 March 2007, defendant went through Ms. Roberson's cell phone and started questioning her about text messages she was receiving from Mr. Fenner Harding ("Mr.Harding"). On 21 March 2007, Mr. Harding was walking to his car after work when defendant began questioning him. Mr. Harding got into his car and saw that defendant had a silver revolver in his pants. Defendant tried to open Mr. Harding's car door. Mr. Harding started to drive away, and defendant got in another vehicle and followed him. Mr. Harding stopped at a stop sign, and then he heard "a loud bang[,]" and his rear passenger window shattered. Mr. Harding "attempted to go ahead and keep [his] left turn but [his] right foot went numb, and when [he] looked down [he] noticed [his] pants-[his] pants leg was soaked with blood." Mr. Harding then drove himself to the hospital, and about two weeks later a bullet was removed from his leg.

State v. Cherry, No. COA08-677, 2008 WL 5226444, at *1.

2

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The Court's review of Cherry's claims is governed by 28 U.S.C. § 2254(d) which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Id.. Furthermore, there

is no requirement the state court specifically cite United States Supreme Court cases as long as the ultimate decision is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the Supreme Court. See Bell v. Jarvis, 236 F.3d 149, 157-158 (4th Cir. 2000); see also Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999); see also Weeks v. Angelone, 176 F.3d 249, 259 (4th Cir. 1999).

On appeal counsel argued: whether the trial court erred by entering judgment against Mr. Cherry for assault with a deadly weapon with intent to kill inflicting serious injury after the jury returned a mutually exclusive verdict acquitting Mr. Cherry of attempted murder for the same conduct." (D.E. # 8, Ex. 4, Defendant-Appellant's Brief, Question Presented)

In the MAR petitioner argued, ineffective assistance of counsel due to the conflict of interest with his lawyer and denied the defendant the right to represent himself. (D.E. # 8, Ex. 7, MAR, p. 1 and 2) Secondly, the trial court erred in sentencing defendant in the aggravating range on all three convictions. (Id.) The MAR was summarily denied. (D.E. # 8, Ex. 8, February 1, 2010, Order Denying MAR) The MAR court further held "the defendant's failure to assert any other grounds in his motion shall be subject to being treated in the future as a BAR to any other claims, assertions, petitions, or motions that he might hereafter file I this case, pursuant to G.S. 15A-1419."

B.    Procedural Default

Petitioner did not raise the three claims now before the court in the state court. First, he has not previously raised any claim of ineffective assistance of appellate counsel (part of claim 1). Second, he has not raised the claim that the sentence was illegal in violation of the Fourteenth Amendment (with the exception that the trial court used the same aggravating factor

4

for two of the sentences) in the state court (claim 2). Third, petitioner has not raised the ineffective assistance of trial counsel for failure to object and preserve as an issue for appeal, the fact the jury acquitted him of intent to kill by failing to find him guilty of attempted first-degree murder, but the trial court allowed him to be convicted of AWDWIKISI (part of claim1). In other words, petitioner appears to argue that the jury's finding of not guilty of attempted first-degree murder mutually excludes it from finding him guilty of AWDWIKISI, and trial counsel should have objected. The claims were not raised on direct appeal or in any properly filed MAR.

Before the court examines the merits of petitioner's specific claims, it must ensure that the petitioner fairly presented his claims to the North Carolina courts. State prisoners are required "to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)(A). A federal petitioner has not exhausted state court review so long as he maintains "the right under the law of the State to raise [in state court] by any available procedure, the question presented." 28 U.S.C. § 2254(c). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Nevertheless, a claim that has not been adequately presented to the state courts may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A claim treated as exhausted and consequently procedurally defaulted because it would now be procedurally barred in state court

5

can overcome the default if the petitioner can demonstrate cause and actual prejudice and/or a miscarriage of justice. Baker, 220 F.3d at 288 (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If petitioner now filed a MAR in state court raising these claims, they would be barred by the state court under North Carolina's mandatory, and adequate and independent, procedural bar state. N.C. Gen. Stat. § 15A-1419(a)(1), (a) (3), and (b) (2000); Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Rose v. Lee, 242 F.3d 676, 683 (4th Cir.) (holding § 15A-1419 is mandatory), cert. denied, 534 U.S. 941 (2001); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review), cert. denied, 525 U.S. 1155 (1999); McCarver v. Lee, 221 F. 3d 583, 588-589 (4th Cir. 2000) (holding § 15A-1419(a)(3) is an independent and adequate state procedural bar that is consistently and regularly applied even in "the special case" of ineffective assistance of counsel claims). Furthermore, the MAR court held just this, that "the defendant's failure to assert any other grounds in his motion shall be subject to being treated in the future as a BAR to any other claims, assertions, petitions, or motions that he might hereafter file in this case, pursuant to G.S. 15A-1419."

As noted above, procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). To show "prejudice," the petitioner must show "not merely that the errors at his

6

trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir.1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Williams v. Bagley, 380 F.3d 932, 973 (6th Cir. 2004) ( citing Schlup v. Delo, 513 U.S. 298, 327 (1995) "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id.

No allegations rising to cause or prejudice or fundamental miscarriage of justice have been clearly argued to satisfy the gateway to avoid a procedural bar. Accordingly, these claims are procedurally defaulted and the court is precluded for considering the merits.

C. Remaining Claims

i. Ineffective Assistance of Trial Counsel

Petitioner makes two arguments related to his ineffective assistance of trial counsel claim. First, trial counsel failed to object and preserve as an issue for appeal, the fact the jury acquitted him of intent to kill by failing to find him guilty of attempted first-degree murder, but the trial court allowed him to be convicted of AWDWIKISI. In other words, petitioner appears to argue that the jury's finding of not guilty of attempted first-degree murder mutually excludes it from finding him guilty of AWDWIKISI, and trial counsel should have objected. This claim is

7

procedurally barred as set out above. Second, petitioner asserts he had a conflict of interest with his trial lawyer, and the trial judge improperly denied both the motions for counsel to withdraw.

In Strickland v. Washington, 466 U.S. 668, 687-90 (1984), the Supreme Court held that to prove ineffective assistance of counsel a petitioner must show counsel's performance was deficient and that the deficiency prejudiced his case. No such showing has been made in reference to this issue.

The trial transcript clearly shows that the issue of substitute counsel was raised before trial at 9:07 am on Wednesday, September 12, 2007. (Pet.'s Response, D.E. # 10, Transcript State v. Cherry, 5 - 15) Judge Duke made a detailed inquiry into the conflict of interest between counsel and petitioner. (Id.) Judge Duke asked both petitioner and counsel about the conflict issue. Specifically, he questioned both about the request for substitute counsel, the specifics of the allegation that there was "no trust bond" between petitioner and counsel, the preparedness of counsel, discovery issues, and other details of the allegation. Nowhere in the transcript is there an reference to petitioner seeking to represent himself. Judge Duke found that the issues were based on poor communication with petitioner's lawyer and disagreement about trial tactics. Judge Duke's found the issue not so serious as to require withdrawal, and denied the motion. (Id.)

The denial-of-substitution claim, or conflict of interest, as petitioner couches the claim, historically focused on three inquiries: (1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Gallop, 838 F.2d 105, 107 (4th Cir.1988) As to communication, "[a] total lack of

8

Case 5:10-hc-02072-BO   Document 12   Filed 08/29/11   Page 8 of 13

communication is not required": "Rather an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the necessary inquiry." United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (quoting United States v. Johnson, 114 F.3d 435, 443 (4th Cir.1997). The concern, therefore is "not with the indigent defendant's freedom of choice or with whether the attorney and his client have a 'meaningful relationship,' Morris v. Slappy, 461 U.S. 1, 14 (1983), but with a 'breakdown' of attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." Id Petitioner has failed to show good cause existed for substituting counsel or that substitution was required to provide a constitutionally adequate defense.[1]

The MAR court's denial, albeit summary, is an adjudication on the merits. Hartman v Lee, 283 F.3d 190, 194 (4th Cir. 2002) (while a state court may not set out reasons for a decision on the merits, the holding is entitled to deference if independent review of law reveals the result meets 2254(d) standards). The state-court adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, i.e., Strickland. See § 2254(d)(1). Nor is it based on an unreasonable

---

[1] Implicit in a criminal defendant's constitutional right to counsel under the United States Constitution's Sixth Amendment is the right to self-representation. Faretta v. California, 422 U.S. 806, 818-21 (1975). The assertion of a right to self-representation waives the right to counsel and as such the invocation of the right to self-representation must be "clearly and unequivocally declared." Id at 835. Like any other waiver of a constitutionally protected right, the waiver must be "knowing and voluntary." Godinez v. Moran, 509 U.S. 389, 400 (1993). Further, North Carolina law holds that "[w]hen a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise." State v. Warren, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986). While petitioner's current allegations at some points suggest he sought the right to self-representation, the transcript clearly shows petitioner did not request such. There was no clear and unequivocal declaration and the issue is not before us.

9

determination of facts in light of the evidence presented in the state court proceedings. See §
2254(d)(2).

ii. <u>Trial court error by sentencing petitioner ex mero motu on the assault charge</u>

This claim is a reassertion of his mutual exclusivity argument contained within his first claim, without the ineffective assistance of counsel trappings. Again, his argument is that because he was found not guilty of attempted murder he could not be convicted of the assault. Additionally, petitioner asserts there was insufficient evidence to show he committed the assault with the intent to kill.

To begin, as for any allegations of insufficiency of evidence, the claims are procedurally defaulted as discussed above for failure to raise them either on direct appeal or in a subsequent MAR. (S. Procedural Default)

Secondly, although counsel did not object on mutual exclusivity grounds to the AWDWIKISI conviction, the North Carolina Court of Appeals expressly found petitioner's mutual exclusivity claim to be without merit, in addition to being unpreserved for appellate review. The Court of Appeals' opinion reads in pertinent part as follows:

> Defendant appeals arguing "the trial court erred by entering judgment against ... [defendant] for ... [AWDWIKISI] after the jury returned a mutually exclusive verdict acquitting ... [defendant] of attempted murder for the same conduct."
> For the following reason, we disagree.
> II. Rule 2
> Defendant concedes that he "did not raise this issue at trial," and therefore has not properly preserved his argument for appeal. "[D]efendant respectfully asks the Court to review the issue under Rule 2 of the North Carolina Rules of Appellate Procedure."
>
> North Carolina Rule of Appellate Procedure 2 reads,
>
> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly

10

provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R.App. P. 2. Our Supreme Court has also stated,

Rule 2 permits the appellate courts to excuse a party's default in both civil and criminal appeals when necessary to prevent manifest injustice to a party or to expedite decision in the public interest. Rule 2, however, must be invoked cautiously, and we reaffirm our prior cases as to the exceptional circumstances which allow the appellate courts to take this extraordinary step.

Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (citations and quotation marks omitted).

State v. Tirado noted,

The elements of attempted first-degree murder are: (1) a specific intent to kill another; (2) an overt act calculated to carry out that intent, which goes beyond mere preparation;(3) malice, premeditation, and deliberation accompanying the act; and (4) failure to complete the intended killing. The elements of assault with a deadly weapon with intent to kill inflicting serious injury are: (1) an assault, (2) with the use of a deadly weapon, (3) with an intent to kill, and (4) inflicting serious injury, not resulting in death. Therefore, assault with a deadly weapon with intent to kill inflicting serious injury requires proof of the use of a deadly weapon, as well as proof of serious injury, neither of which are elements of attempted first-degree murder. Similarly, attempted first-degree murder includes premeditation and deliberation, which are not elements of assault with a deadly weapon with intent to kill inflicting serious injury.

358 N.C. 551, 579, 599 S.E.2d 515, 534 (2004) (citations omitted).

Though defendant uses the language of "mutual exclusivity," it is not implicated in this case as a verdict of "guilty" or "not guilty" of one of the two crimes of AWDWIKISI and attempted murder does not preclude a verdict of "guilty" or "not guilty" on the other. See Tirado at 579, 599 S.E.2d at 534. The jury could have convicted defendant of both, neither, or either one of the two crimes of AWDWIKISI and attempted murder. See id. Therefore, we do not deem this case to present the "exceptional circumstance[ ]" which necessities that we exercise our discretion under Rule 2 of the North Carolina Rules of Appellate Procedure in order "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest[.]" N.C.R.App. P. 2; Dogwood Dev. & Mgmt. Co., LLC at 196, 657 S.E.2d at 364. This appeal is dismissed.

11

State v. Cherry, No. COA08-677, 2008 WL 5226444, at *2.

In adjudicating this issue the court shall "look through" the summary MAR order to the Court of Appeals' opinion. Ylst v. Nunnemaker, 501 U.S. 797. 805 (1991) (providing that an unexplained order is presumed to be based on the same ground as an earlier or last explained opinion). The state-court adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See § 2254(d)(1). Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. See § 2254(d)(2).

D.  Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, respondent's motion for summary judgment is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. Having so determined, all other pending motions are denied as MOOT.

SO ORDERED, this the 26 day of August 2011.

TERRENCE W. BOYLE
United States District Judge